UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-02303 JGB (KKx) | Date | February 22, 2018 |
| Title | *Marjorie E. Hughes v. Target Corporation, et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DENYING Plaintiff's Motion to Remand (Dkt. No. 11), and (2) VACATING the February 26, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Marjorie E. Hughes' ("Plaintiff") Motion to Remand the case to Riverside Superior Court. ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78, L.R. 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court DENIES Plaintiff's Motion.

On August 15, 2017, Plaintiff filed a complaint in the Superior Court of the State of California, County of Riverside against Target Corporation. (Dkt. No. 1.) On October 11, 2017, Defendant Target Corporation ("Defendant") was served. (Id.) On November 13, 2017, Defendant removed the case to this Court. (Id.) On December 11, 2017, Plaintiff filed her Motion. On December 18, 2017, Defendant filed its opposition. ("Opposition," Dkt. No. 12.) To date, no reply has been filed.

As a preliminary matter, the Court notes that Plaintiff did not include a statement in the notice of her motion asserting that she complied with the meet and confer requirement of Local Rule 7-3. The Court warns the parties that future failure to comply with the Court's Order or the Local Rules may result in sanctions.

Plaintiff argues that removal was untimely because 30 days following service fell on November 10, 2017. (Mot. at 2, 4.) Plaintiff cites 28 U.S.C. § 1446, which provides "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . ." (Id. at 3.) In their opposition, Defendant contends removal was timely, as the Court was closed on Friday, November 10, 2017 in observance of Veterans Day. (Opp. at 2.)

Rule 6(a)(2)(6) of the Federal Rules of Civil Procedure defines "legal holiday" as "the day set aside by statute for observing . . . Veterans' Day . . ." Pursuant to 5 U.S.C. § 6103, Veterans Day is a legal public holiday occurring on November 11. November 10, however, was treated as a holiday for pay and leave purposes for federal employees. 5 U.S.C. § 6103.

Rule 6(a)(1) provides that if the last day of the period falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). While according to statute, the legal holiday was Saturday, November 11, 2017, the Court was closed on November 10, 2017. The Court determines that November 10, 2017 was a "federal holiday" for the purposes of Rule 6(a)(1). See Varsity Gold, Inc. v. Bigham, No C06-509RSM, 2007 WL 185089, at *2 n.1 (W.D. Wash. Jan. 19, 2007) ("Friday, November 10 was a federal holiday for Veterans' Day.") Accordingly, Defendant had until Monday, November 13, 2017 to file its notice of removal and its removal was timely. Thus, Plaintiff's Motion is DENIED.

**IT IS SO ORDERED.**